Vuyanee RODRIGO, et al. Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72740.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Oct. 24, 2005.

J. Jack Artz, Esq., Artz & Associates, Monterey Park, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Vuyanee Rodrigo petitions for review of the Board of Immigration Appeals' denial of her application for asylum and withholding of removal. We deny the petition.

We review legal conclusions of the BIA de novo. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). To the extent the BIA adopts the IJ's decision as its

---

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

own, we treat the IJ's statement of reasons as the BIA's in reviewing the appeal. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996). The BIA's determination that an alien is not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We can reverse the BIA only "if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*

■ It was not unreasonable to conclude that Rodrigo did not establish, 1) that she was persecuted or, 2) that she has a well-founded fear of future persecution in her native Sri Lanka. It is uncontested that members of the Liberation Tigers of Tamil Eelam brutally raped Rodrigo and that "such abuse may constitute persecution." *Lopez–Galarza v. INS*, 99 F.3d 954, 959 (9th Cir.1996); *see also Shoafera v. INS*, 228 F.3d 1070, 1074 (9th Cir.2000).* However, 8 U.S.C. § 1101 also requires asylum applicants to provide evidence that the persecution they have suffered or fear suffering is "on account of race, religion, nationality, membership in a particular social group, or political opinion." Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42); *Guo v. Ashcroft*, 361 F.3d 1194, 1202 (9th Cir.2004).

Rodrigo contends that she was persecuted on the basis of her membership in a social group as well as her political opinions. However, she presents no evidence that "mothers of draft-age sons" is an identifiable social group that has been targeted by the LTTE. *See De Valle v. INS*,

901 F.2d 787, 793 (9th Cir.1990) ("major segments of the population of an embattled nation, even though undoubtedly at some risk from general political violence, will rarely, if ever, constitute a distinct 'social group'").

Similarly, she provides little support for the contention that her refusal to cooperate with the LTTE's requests to recruit her son constituted "hazardous" political neutrality. In Rodrigo's thin description of the events leading up to the assault there is no evidence that she expressed either her opposition to the LTTE or her political neutrality. *See Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir.1997) (holding that an "applicant must not merely avow his political neutrality ... but must also show that this opinion was articulated sufficiently for it to be the basis of his past or anticipated persecution"). Rather, Rodrigo states that her family's refusal to comply with the demands of the LTTE was primarily due to her husband's fears that the Sri Lankan army would kill them if they engaged in espionage. The Supreme Court has explicitly held that risk aversion is a nonpolitical reason for resisting guerrilla recruitment. *See Elias–Zacarias*, 502 U.S. at 483, 112 S.Ct. 812.

Rodrigo also fails to present evidence indicating that the LTTE soldiers attacked her because of any political opinions they may have imputed to her. *See Cordon–Garcia v. INS*, 204 F.3d 985, 991 (9th Cir.2000) (holding that "[t]o establish an imputed political opinion, Petitioner must show, through direct or circumstantial evidence, that the guerrillas actually imputed a political opinion to her and persecuted her for that opinion").** We cannot say

---

* We recognize that "persecution cognizable under the Act can emanate from sections of the population that do not accept the laws of the country at issue, sections that the government of the country is either unable or unwilling to

control." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc).

** Several older Ninth Circuit cases found political persecution based on an asylum-seeker's refusal to join guerrilla forces without requir-

that it was unreasonable for the BIA to deny Rodrigo's asylum claim on the basis that she was not persecuted on account of her political opinions.

■ Because the standard for withholding of deportation is more stringent than the standard for asylum, petitioners' withholding of deportation claim also fails. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

■ We affirm the denial of Rodrigo's Convention Against Torture claim on the basis that there is no evidence indicating that it is more likely than not that she will be tortured should she return to Sri Lanka. *See* 8 C.F.R. § 208.16(c)(2).

Petition DENIED.

BYBEE, J., dissenting.

The BIA concluded that the "mistreatment experience[d] by the [petitioner] was not on account of a protected ground." I cannot agree. Vuyanee Rodrigo was raped in her home by Bala Singham, a leader of the Liberation Tigers of Tamil Eelam (LTTE) militia, who told her "this is the punishment for you Sinhalese women who betrayed us" and "this is what Sinhal people like you will get." Because Rodrigo was raped at least in part because of her ethnicity, our cases establish that this is sufficient to prove past persecution.

An asylum applicant need not prove her past persecution was perpetrated solely on account of a protected ground. Mixed motives are acceptable. *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1076 (9th Cir. 2004). In *Ali v. Ashcroft*, we overturned the BIA's finding that there was no ethnic persecution where "the attackers' words themselves evidence[d] that they were motivated, at least in part, by [petitioner] Ali's clan status and political opinion, and not solely by criminal opportunism." 394 F.3d 780, 786 (9th Cir.2005). While gang-raping petitioner Ali during a burglary, Somali militia members "contemporaneously declared that Ali was 'getting what [she] deserve[d]' because she was a Midgan." *Id.* This, we found, "was to send a savage message to Ali and other members of Muuse Diriiye clan that they were no longer in political power." *Id.* at 787.

Even where the rapist did not declare his purpose, we have overturned the BIA for ignoring mixed motives. In *Shoafera v. INS*, the petitioner said she was raped because her attacker "probably was attracted to me," but also " '[c]ause I'm an Amhara. If I was a Tigrean he wouldn't do it.' " 228 F.3d 1070, 1072 (9th Cir. 2000). We concluded that "Shoafera suffered past persecution on account of ethnicity." *Id.* at 1076.

Rodrigo's case is similar to *Ali* and arguably stronger than *Shoafera*. Rodrigo presented direct evidence of motivation by reporting the rapist's own explanation for the act. Unfortunately, her argument is hindered by an underdeveloped record and poor briefing. Although the Immigration Judge recited Rodrigo's statements, he did not consider its possible significance for evaluating Singham's motives. The BIA cited *Shoafera* but offered no explanation.

ing "any showing that guerillas knew of" the alien's neutrality. *See Zacarias v. INS*, 908 F.2d 1452, 1456 (9th Cir.1990); *Maldonado–Cruz v. INS*, 883 F.2d 788, 791 (9th Cir.1989); *Arteaga v. INS*, 836 F.2d 1227, 1231–32 (9th Cir.1988). The Supreme Court's subsequent holding in *INS v. Elias–Zacarias*, however, compels applicants to provide direct or circumstantial evidence of guerrillas' persecution motives. *Elias–Zacarias*, 502 U.S. at 483, 112 S.Ct. 812. As in *Elias–Zacarias*, Rodrigo has failed to show that she has or will be persecuted on the basis of her political opinions, rather than her failure to accede to the LTTE's recruitment of her son. *Id.*

Once Rodrigo has established past persecution, the burden shifts to the government to rebut the presumption that Rodrigo has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). I would grant the petition and remand to the BIA to determine whether there is sufficient evidence to overcome the presumption, and whether, as the government contends, Rodrigo can be safely relocated elsewhere within Sri Lanka. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B).

I respectfully dissent.